UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GS HOLISTIC, LLC,

Plaintiff,

v.

Consolidated Case Nos.
Case No. .23-C-1054

A-Z TOBACCO INC.
d/ba/ A-Z Tobacco & Vapor Shop, et al.,

Defendants,

AND

GS HOLISTIC, LLC,

Plaintiff,

Case No. 24-C-1056

v.

A-Z TOBACCO INC.
d/b/a A-Z Smoke Shop, et al.

Defendants

---

## SCHEDULING ORDER

---

The court held a telephone scheduling conference with the parties' attorneys on January 12, 2024, pursuant to Fed. R. Civ. P. 16 and Civil L.R. 16(a) (E.D. Wis.). Accordingly, the parties shall comply with the following schedule and procedures.

## DISCOVERY

1. Initial disclosures are to be exchanged between the parties no later than January 15, 2024, in accordance with Fed. R. Civ. P. 26(a)(1). These documents are not to be filed with the court.

2. Amendments to the pleadings may be filed without leave of court on or before January 31, 2024. Fed. R. Civ. P. 15 will apply to any amendment filed after that date.

3. In accordance with Fed. R. Civ. P. 26, the Party with the burden of proof's expert witness disclosure is due on or before August 30, 2024, and Rebuttal expert witness disclosure is due on or before September 30, 2024. These documents are to be exchanged between the parties and are not to be filed with the court.

4. All fact discovery in this case is to be completed no later than July 30, 2024. All expert discovery is to be completed by October 15, 2024. All non-dispositive motions related to fact discovery must be filed and served by July 30, 2024.

5. Depositions, whether for discovery purposes or for trial, must be completed by the discovery deadline absent agreement of the parties or order of the court.

6. Boilerplate objections to discovery requests are not to be used. In the event a responding party has an objection to a particular discovery request, the objection is to be stated with specificity. The response should also indicate whether some or all of the requested information or documents are NOT being produced on the basis of an objection.

**SUMMARY JUDGMENT MOTIONS**

7. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L.R. 7 and shall be served and filed on or before September 30, 2024.

8. Any summary judgment motion filed against a pro se litigant must comply with Civil L.R. 56(a).

9. If one or more parties believe there is a threshold factual issue that could resolve the case quickly, this Court has adopted an expedited "fast track" summary judgment procedure. Additional instructions can be found on the court's website at **www.wied.uscourts.gov**.

Select the “Our Judges” tab, “Judges by Seniority” or “Judges Alphabetically”, and then “William C. Griesbach” and “Instructions for Litigants”.

**FINAL PRETRIAL AND TRIAL**

10. A final pretrial will be held on January 24, 2025, at 1:30 p.m. (CT) at 125 South Jefferson Street, Green Bay, WI 54301, in Room 201. Attorneys for all parties are required to appear in person. Parties need not appear but should be available by telephone.
11. A jury trial will be held on February 18, 2025, at 8:30 a.m. (CT) at 125 South Jefferson Street, Green Bay, WI 54301, in Room 201.

**ADDITIONAL PROCEDURES**

12. All requests of the court must be made by formal motion in accordance with Civil L.R. 7 and the Federal Rules of Civil Procedure.
13. Expedited non-dispositive motions must comply with Civil L.R. 7(h).
14. Counsel seeking non-dispositive procedural relief shall consult with the opposing party and include in the motion a statement indicating whether or not the motion is opposed.
15. Courtesy copies of all briefs that exceed ten (10) pages in length must be provided to the court in paper format. *It is no longer necessary to submit courtesy copies of affidavits, declarations, complaints, or any other document.*
16. Counsel are to confer and make a good faith effort to settle the case and explore various methods of alternate dispute resolution (ADR). The court will refer the case to one of the magistrate judges for mediation, at no cost to the parties, when a request is made at least ninety (90) days prior to the final pretrial conference.
17. Settlement discussions must be completed prior to the final pretrial conference. In cases where settlement occurs after the final pretrial conference, the court may impose jury-

related costs, including notification, travel, and attendance fees, upon the responsible attorneys.

18. The foregoing schedule shall not be modified except upon a showing of good cause and by leave of the court. The pendency of motions or settlement discussions shall not justify modification of the schedule, nor delay the taking of discovery.

**SO ORDERED** on January 12, 2024.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge