**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

GS HOLISTIC, LLC,

Plaintiff,

v. Case No. 23-cv-742-pp

A Z VAPOR, INC., *et al.*,

Defendants.

---

GS HOLISTIC, LLC,

Plaintiff,

v. Case No. 23-cv-1054-pp

A-Z TOBACCO, INC., *et al.*,

Defendants.

---

GS HOLISTIC, LLC,

Plaintiff,

v. Case No. 23-cv-1056-pp

A-Z TOBACCO, INC., *et al.*,

Defendants.

---

**DEFENDANTS' CIVIL L.R. 7(h) MOTION TO ALTER OR AMEND THE AMENDED JUDGMENTS IN CASE NOS. 23-CV-742, 23-CV-1054, and 23-CV-1056 PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

---

Pursuant to Civil L.R. 7(h) and Federal Rule of Civil Procedure 59(e), Defendants Khaldon Sati, A Z Vapor, Inc., and A-Z Tobacco, Inc. respectfully move to alter or amend the Amended Judgments in Case Nos. 23-cv-742, 23-cv-1054, and 23-cv-1056 to conform with the court's recent order granting the defendants' motion for judgment as a matter of law. Specifically, the defendants ask that the Amended Judgments be amended to reflect that the court "grant[ed] the defendants' renewed motion for judgment as a matter of law as to Sati's individual liability" and "VACATE[D] the judgments against Khaldon Sati in Case Nos. 23-cv-742, 23-cv-1054, and 23-cv-1056." Case No. 23-cv-742, Dkt. 65 at 25 & 41; Case No. 23-cv-1054, Dkt. 27 at 25 & 41; Case No. 23-cv-1056, Dkt. 26 at 25 & 41. The basis for this motion is:

1. In its December 19, 2025 Order Granting Defendants' Renewed Motion for Judgment as a Matter of law (Dkt. No. 54) and Denying Defendants' Motion for a New Trial with the Option of Remittitur (Dkt. No. 51), the court "grant[ed] the defendants' renewed motion for judgment as a matter of law as to Sati's individual liability," "VACATE[D] the judgments against Khaldon Sati in Case Nos. 23-cv-742, 23-cv-1054, and 23-cv-1056," and directed the clerk of court to "enter amended judgments accordingly." Case No. 23-cv-742, Dkt. 65 at 25 & 41–42; Case No. 23-cv-1054, Dkt. 27 at 25 & 41–42; Case No. 23-cv-1056, Dkt. 26 at 25 & 41–42.

2. The same day as the court's Order, the clerk of court entered Amended Judgments in all three cases. *See* Case No. 23-cv-742, Dkt. 66; Case No. 23-cv-1054, Dkt. 28; Case No. 23-cv-1056, Dkt. 27. Each Amended

Judgment, however, states that judgment for $100,000 is entered in favor of the plaintiff and against "the defendants." *Id.*

3. As written, the Amended Judgments do not conform to the court's December 19 Order. The Amended Judgments' phrase, "the defendants," implicitly includes Khaldon Sati, even though in its Order, the court "VACATE[D] the judgments against Khaldon Sati" and directed the clerk to "enter amended judgments accordingly." Case No. 23-cv-742, Dkt. 65 at 41–42; Case No. 23-cv-1054, Dkt. 27 at 41–42; Case No. 23-cv-1056, Dkt. 26 at 41–42.

4. The discrepancy between the Amended Judgments and the court's Order appears to be an inadvertent error and may be corrected under Rule 59(e). *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) ("A Rule 59(e) motion can be granted where the movant clearly establishes that the court committed a manifest error of law or fact." (cleaned up)).

Accordingly, the defendants respectfully request that the court amend or alter its Amended Judgments to clarify that Mr. Sati is not individually liable for the judgment amounts. The defendants specifically propose that the court amend each Amended Judgment as shown in the following suggested edits (with added language in *italics* and removed language ~~struck through~~):

- Case No. 23-cv-742, Dkt. 66: "**THE COURT ORDERS AND ADJUDGES** that judgment in the amount of $100,000 is entered in favor of the plaintiff and against ~~the defendants~~ *defendant A Z Vapor, Inc. d/b/a A Z Vapor.*"

- Case No. 23-cv-1054, Dkt. 28: "**THE COURT ORDERS AND ADJUDGES** that judgment in the amount of $100,000 is entered in favor of the plaintiff and against ~~the defendants~~ *defendant A-Z Tobacco, Inc. d/b/a A-Z Tobacco & Vapor Shop*."

- Case No. 23-cv-1056, Dkt. 27: "**THE COURT ORDERS AND ADJUDGES** that judgment in the amount of $100,000 is entered in favor of the plaintiff and against ~~the defendants~~ *defendant A-Z Tobacco, Inc. d/b/a A-Z Smoke Shop*."

Dated: December 29, 2025

*/s/ Nathan Oesch*
Daniel Conley, Wis. Bar No. 1009443
Nathan Oesch, Wis. Bar No. 1101380
Quarles & Brady LLP
411 E. Wisconsin Ave., Ste. 2400
Milwaukee, WI 53208
(414) 277-5000
daniel.conley@quarles.com
nathan.oesch@quarles.com

Matthew Splitek, Wis. Bar No. 1045592
Quarles & Brady LLP
33 East Main St., Ste. 900
Madison, WI 53703
(608) 251-5000
matthew.splitek@quarles.com

Caitlinrose Fisher, Minn. Bar No. 0398358
Forsgren Fisher McCalmont DeMarea Tysver LLP
Capella Tower, 225 S. 6th St., Ste. 1500
Minneapolis, MN 55402
(612) 474-3300
cfisher@forsgrenfisher.com

*Attorneys for Defendants*