UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GS HOLISTIC LLC,

      Plaintiff,

    v.                                        Case No. 23-cv-742

A Z VAPOR, INC.
and KHALDON SATI,

      Defendants.

---

GS HOLISTIC LLC,

      Plaintiff,

    v.                                       Case No. 23-cv-1054

A-Z TOBACCO INC. *d/b/a A-Z Tobacco & Vapor Shop,*
and KHALDON SATI,

      Defendants.

---

GS HOLISTIC LLC,

      Plaintiff,

    v.                                       Case No. 23-cv-1056

A-Z TOBACCO, INC. *d/b/a A-Z Smoke Shop*
and KHALDON SATI,

      Defendants

---

**JURY INSTRUCTIONS**

---

Hon. Pamela Pepper
July 30, 2025

1

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

2

**JUDGE'S COMMENTS TO LAWYER**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may have cautioned or warned during the trial.

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations. A stipulation is an agreement between both sides that certain facts are true. You must accept those facts as proved.

4

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said in opening statements or closing arguments, your memory is what counts.

5

## NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

9

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## PRIOR INCONSISTENT STATEMENTS

You may consider statements given by a party before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Case 2:23-cv-00742-PP    Filed 07/30/25    Page 12 of 24    Document 35

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**CONSIDERATION OF ALL EVIDENCE**
**REGARDLESS OF WHO PRODUCED**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, the plaintiff and two of the defendants are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**WILLFULNESS**

A Z Vapor, Inc., A-Z Tobacco, Inc. and Khaldon Sati do not dispute that they used counterfeit "Stündenglass" and stylized "S" marks that had been infringed upon. You must determine whether GS Holistic has proven by a preponderance of the evidence that at the time A Z Vapor, Inc., A-Z Tobacco, Inc. and/or Khaldon Sati used the counterfeit and infringed-upon "Stündenglass" and stylized "S" marks, A Z Vapor, Inc., A-Z Tobacco, Inc. and/or Khaldon Sati acted willfully. A defendant acted willfully if that defendant knew that he was using the counterfeit, infringed-upon "Stündenglass" and/or stylized "S" trademarks or that he acted in reckless disregard of GS Holistic's trademark rights. Willful blindness is equivalent to actual knowledge. To be willfully blind, a person must suspect wrongdoing and deliberately fail to investigate. Knowledge does not need to be proven directly but can be inferred from a defendant's conduct.

## MULTIPLE CLAIMS; MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are three defendants—A Z Vapor, Inc.; A-Z Tobacco, Inc.; and Khaldon Sati—it does not follow that if A Z Vapor, Inc. and/or A-Z Tobacco, Inc. is liable, then Khaldon Sati also is liable.

In considering a claim against Khaldon Sati, you must not consider evidence admitted only against A Z Vapor, Inc. and/or A-Z Tobacco, Inc. However, in considering claims against A Z Vapor, Inc. and/or A-Z Tobacco, Inc., you must consider any evidence of actions Khaldon Sati took within his scope as an owner, officer or employee of A Z Vapor, Inc. and/or A-Z Tobacco, Inc.

**PLAINTIFF'S ELECTION OF STATUTORY DAMAGES**

In a case involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods, the plaintiff may elect to recover, instead of actual damages and profits, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—

(1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed; or

(2) if you find that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed.

Plaintiff GS Holistic has elected to seek statutory damages.

## DAMAGES — STATUTORY DAMAGES

You must award as statutory damages an amount that you find to be fair under the circumstances. The amount must be between $1,000 and $200,000 for each of the two counterfeit marks.

In determining the appropriate amount to award, you may consider the following factors:

- the expenses that the defendant(s) saved and the profits that they earned because of the infringement;

- the revenues that the plaintiff lost because of the infringement;

- the difficulty of proving the plaintiff's actual damages;

- the circumstances of the infringement;

- whether the defendant(s) intentionally infringed the plaintiff's trademarks; and

- deterrence of future infringement.

If the plaintiff proves that a defendant willfully used the counterfeit mark, then you may, but are not required to, increase the statutory damage award to a sum as high as $2,000,000.00 per counterfeit trademark used.

## MULTIPLE VERDICT FORMS

I will provide you with three verdict forms: one for <u>GS Holistic LLC v. A Z Vapor, Inc. and Khaldon Sati</u>, Case No. 23-cv-742; one for <u>GS Holistic LLC v. A-Z Tobacco, Inc. and Khaldon Sati</u>, Case No. 23-cv-1054; and one for <u>GS Holistic LLC v. A-Z Tobacco Inc. and Khaldon Sati</u>, Case No. 23-cv-1056. In answering the damages questions on each form, you should award damages only against the defendants named in the case listed on the particular verdict form you are considering and only as to the conduct of those defendants in the case listed on the particular verdict form you are considering.

## SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

The forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdicts, your presiding juror will fill in, date and sign each form.

## COMMUNICATION WITH THE COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against a party, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.